**INHABITANTS OF TOWN OF PITTSFIELD**

v.

**Joseph R. CIANCHETTE.**

Supreme Judicial Court of Maine.

July 9, 1971.

Richard B. Sanborn, Augusta, for plaintiffs.

Weeks, Hutchins, Frye & Welch, by Bradford H. Hutchins, Waterville, Lloyd H. Stitham, Pittsfield, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

POMEROY, Justice.

For decision is an appeal from a judgment entered in the Superior Court denying Plaintiff's petition for an injunction.

Most of the facts of the case were established by stipulation.

It is agreed the Defendant is the owner of a dam constructed more than 75 years ago on the Sebasticook River in Pittsfield, Maine. This dam created an artificial pond or mill pond. More than 50 years ago the Town of Pittsfield, Maine, extended at least three of its trunk line sewers into the mill pond.

These sewer lines provide a sewerage system for 500 to 600 people in the Town of Pittsfield. The sewage collected from throughout the town is carried through the trunk lines, dumped into the artificial mill pond created by the erection of the dam, and thus carried downstream.[1]

There is nothing in the record to indicate that the Plaintiff Town owns any land abutting the mill pond or under the mill pond.

It is agreed the sewer lines were constructed openly and notoriously and so maintained for the entire 50 years they have existed.

Recently Defendant's dam has fallen into disrepair. This complaint for injunctive relief followed shortly after the Defendant had raised the gates in his dam. This action substantially lowered the level of the mill pond and exposed the sewer lines.

By this action the Plaintiff Town seeks an order directing the Defendant to maintain the level of the pond by keeping the gates closed.

The dam, it is agreed, at the time of this action and continuously since has not been used *"for any manufacturing or power purposes or for anything advantageous or profitable to the Defendant."*

The Justice sitting in the Superior Court denied the injunction, ruling,

"the Plaintiff has acquired no rights by prescription or otherwise to compel the Defendant to maintain the level of the pond above the outfalls of the sewers or any right to maintain the Defendant's dam at its expense for this purpose."

The Plaintiff claims this ruling was error.

■ We disagree.

The Plaintiff's position is that since it has discharged its sewage into the mill pond formed by the Defendant's dam openly and notoriously for more than 20 years, it has gained a prescriptive right to the continuation and maintenance of the dam and to have the water level of the artificial pond maintained.

There is nothing in the record which indicates that the Defendant's dam has at any time been harmed or interfered with by the presence and operation of Plaintiff's sewerage system. At no time has any right of the owner of the dam been invaded by the Town in its use of the sewage facilities. It follows that the owner of the dam would have no basis for an action against the Town because of the presence of the sewer in the place it is.

It logically follows from this the Town could gain no prescriptive rights against the dam owner because the dam owner's rights were never invaded.

"A prescriptive right cannot be acquired against one whose right is not invaded

1. Such practice will not be permitted after October 1, 1976. 38 M.R.S.A. § 451.

and who cannot bring an action for the invasion thereof."

Kennebunk, Kennebunkport and Wells Water District v. Maine Turnpike Authority, 147 Me. 149, 84 A.2d 433 at 437.

 A so-called prescriptive right arises from a presumption which the law indulges to account for an established fact. When there has been a continuous and uninterrupted invasion of the rights of another in land for the requisite period, the law presumes the invasion was in accordance with a grant from the owner. The presumption can only arise when the enjoyment of the right has been inconsistent with or contrary to the interests of the owner and is of such a nature that it is difficult or impossible to account for it except on the presumption of a grant from him. Lockwood Co. v. Lawrence, 77 Me. 297 at 319.

In this case, as in *Lockwood,* no prescriptive right has been demonstrated to exist in favor of the Plaintiff because there is no showing that the Plaintiff ever invaded any right of the dam owner by the construction or maintenance or use of the sewer.

■ The Plaintiff strenuously urges us to apply a rule of *"reciprocal easements,"* i. e., that the owner of the dam has acquired an easement to maintain the dam, and, therefore, the Town has acquired a reciprocal easement to have the dam maintained in such manner that the level of the water in the mill pond is kept so it will not expose the Plaintiff's sewer pipes.

It becomes unnecessary to discuss this theory which the Plaintiff advances because, as we have demonstrated, the Plaintiff has not acquired any prescriptive rights against the *owner of the dam,* which is essential if a claim of *"reciprocal easements"* be successfully asserted.

The record does not show whether the dam owner's rights were acquired under the *Mill Act,* (38 M.R.S.A. § 651 et seq.) or by prescription.[2] In either case, the result in this litigation is the same.

We conclude the injunctive relief sought was properly denied.

The entry must be,

Appeal denied.

2. For interesting discussion of the history of the Mill Act see Bean v. Central Maine Power Co., 133 Me. 9, 173 A. 498.